UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-13-7881 - UA (AS) | | Date | January 24, 2014 |
|---|---|---|---|---|
| Title | Catherine Ann L. Lao, Plaintiff v. Administrative Office of the United States Courts for the Enforcement of Equal Justice Under the Law, et al., Defendants. | | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge |
|---|---|

| Alma Felix | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**     **(IN CHAMBERS)** ORDER TO SHOW CAUSE

On October 24, 2013, Plaintiff Catherine Ann L. Lao ("Plaintiff") brought suit on behalf of herself and eighteen individuals purportedly similarly situated pursuant to 42 U.S.C. § 1983 (Docket Entry No. 1). (Compl. 1, 2-4.) Plaintiffs are unlawful aliens who were allegedly detained and transported by federal government officials. (See id. at 4.) The Complaint named three groups of Defendants, all of whom are sued in their official capacities, (id. at 3, 37):

**Group I** includes the following defendants: the Director of the U.S. Immigration and Customs Enforcement ("ICE") Service Processing Center in San Pedro, California;[1] the Acting Director/Director of the Office of Detention Removal of ICE ("OD&R"); the Acting Assistant secretary of ICE; the Secretary of the United States Department of Homeland Security; the United States Attorney General; and "Doe" Defendants, (id.);

**Group II** is comprised solely of the Administrative Office of the United States Courts, (id.); and

**Group III** includes Edwin Caraos, the Consular Officer of the Philippine Embassy in Los Angeles, California;[2] the Consulate of Mexico; the Consulate of China;[3] and "Doe" Defendants. (Id.)

---

[1] Page one of the Complaint identifies this Defendant as the "Director" of the Service Processing Center (Compl. 3), while another page identifies this individual as the "Ex-Director." (Id. at 37.)

[2] Page one of the Complaint identifies this Defendant as Edwin Caraos, (Compl. 37), while another page identifies this Defendant as the Philippine Consulate. (See id. at 3).

[3] The Complaint did not specify which Mexican or Chinese consulates it brings suit against.

| CV-90 (10/08) | **CIVIL MINUTES - GENERAL** | Page 1 of 3 |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-13-7881 - UA (AS) | Date | January 24, 2014 |
|---|---|---|---|
| Title | Catherine Ann L. Lao, Plaintiff v. Administrative Office of the United States Courts for the Enforcement of Equal Justice Under the Law, et al., Defendants. | | |

Plaintiff's original complaint averred four claims for relief: (1) the Group I and group II Defendants violated Plaintiffs' Thirteenth Amendment rights; (2) the Group I and Group II Defendants are responsible for employing "excessive...police power[,]" violating the Fourteenth Amendment and violating the Eighth Amendment; (3) the Group I and Group II Defendants violated the Fourth Amendment; and (4) all Defendants are liable for apathy, lack of due care, [and] negligence." (Id. at 28-29.)  Plaintiff sought the following relief from the Court: a release of "all of these immigrant detainees...from US Immigration Custody[;]" a grant of permanent residency visas to the purported class of Plaintiffs, and an Order directing Defendants to pay "punitive, exemplary, actual [and] moral damages[,]" and "ALL costs of attorneys' fees." (Id. at 30.)

On November 7, 2013, the Court issued an Order denying Plaintiff's application to file the action without prepayment of the Court's filing fee without prejudice.  See Lao v. Administrative Office, No. 13-7881 (Docket Entry No. 2).  The Court indicated that claims against Defendants in Group I and Group II would fail because the "United States is immune from suit unless it consents to waive its sovereign immunity."  (Id. at 2 (internal citations omitted).)  The Court also explained that claims against Caraos in his official capacity, similarly, would fail "because he enjoys consular immunity under the Vienna Convention on Consular Relations." (Id.)  With respect to Plaintiff's claims against the Mexican and Chinese Consulates, the Court explained that "by virtue of foreign sovereign immunity," (id.) suit against these defendants would also not succeed.

The Court also explained that the claims against the "Doe" Defendants would be unsuccessful because these Defendants were sued in their official capacities and appeared to be federal government agents, consulates, and consular officials.[4]  Lastly, the Court indicated that the Complaint failed to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure.  (Id. at 3.)  The Court permitted Plaintiff to submit a revised complaint overcoming the defects discussed in its Order.

Over two months have passed since the issuance of the Court's Order denying Plaintiff's application to proceed without prepayment of the filing fee.  Plaintiff has failed to either amend her complaint to make it a viable civil action or otherwise respond to the Court's Order indicating how she wishes to proceed in this matter.

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE within **fourteen (14) days** of the date of this Order why this action should not be dismissed for failure to prosecute.

**If Plaintiff no longer wishes to pursue this action, she may request a voluntary dismissal of this**

---

[4]Because the two groups of "Doe" Defendants appear under the headings "US Immigration" and "Embassies/Consulates," respectively (Compl. 37), they likely are federal officials, consulates and consular officials.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-13-7881 - UA (AS) | Date | January 24, 2014 |
|---|---|---|---|
| Title | Catherine Ann L. Lao, Plaintiff v. Administrative Office of the United States Courts for the Enforcement of Equal Justice Under the Law, et al., Defendants. | | |

**action pursuant to Federal Rule of Civil Procedure 41(a). <u>A Notice of Dismissal form is attached for Petitioner's convenience</u>. Plaintiff is warned that failure to timely file a response to this Order <u>will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b)</u>.**

|  | 0 | : | 0 |
|---|---|---|---|
|  | Initials of Preparer | | AF |